## SUPERIOR COURT

Ida S. Wilbur ⎫
    vs.     ⎬ W.C.A.Pet..No.278
Charles F. ⎪
Grinnell et al. ⎭

RESCRIPT

June 19, 1925.

TANNER, P. J. This is a petition under the Workmen's Compensation Act.

The first defence made is that the death did not result from the injury. Under the medical testimony, however, we think it is a fair inference that the injury lighted up a pre-disposing cause and developed the tuberculosis which led to the death of the petitioner.

The deceased was injured while being transported in a conveyance of his employer to his work. The employer testified that it was his custom to transport the deceased and other workmen to their work in Fall River, where the employer was engaged in building operations as a contractor. The employer also testified that on some of the jobs of work in which he had been engaged it was absolutely necessary to convey his workmen in his automobile to the place of work in order that they might be there at the proper time. He said, however, that in the case of the present work, while he continued the practice of transporting them, the deceased might have reached his work in time by taking a car which would have brought him to the piece of work twenty minutes before the time when he was supposed to go to work.

The general principle applied in determining such questions is whether or not the transportation was furnished either expressly or inferentially as a part of the contract of the employer. There is much conflict in the cases, but after considering a number of cases we are of the opinion that it may fairly be said that it was inferentially a part of the deceased's employment to be transported by his employer. It became by custom an incident of the employment. In some cases it was absolutely necessary, and even in the present case it may be said that it was to the interest of the employer to make sure that his workmen didn't miss a particular car and were at the place of work when work began. It is also incidental to the employment in that the workman was not obliged to get to his place of work twenty minutes before his employment began, as he, would have had to do if he had taken a car. It seems to have become an almost universal custom for employees engaged in trades to be transported by their employers and may, therefore, be said to have become one of the incidents and rights of the employment.

We therefore think that the petitioner is entitled to a decree.

For petitioner: Greenhalgh, Easton & Cross, E. S. Fletcher and G. P. Slade.

For respondent: Ralph T. Barnefield.